**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGEL QUINTANA,**

    **Plaintiff,**

**v.**                              **Case No.  8:13-cv-2040-T-30MAP**

**AMERICAN SECURITY INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant American Security Insurance Company's Motion to Dismiss Counts I, II, and III of the Complaint (Dkt. 4) and Plaintiff Angel Quintana's Response in Opposition (Dkt. 7).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied with respect to Counts I and II and granted with respect to Count III.

## BACKGROUND

Plaintiff Angel Quintana alleges a breach of contract claim (Count I), declaratory judgment claim (Count II), and a tortious interference claim (Count III) against Defendant American Security Insurance Company ("ASI") related to a lender-placed policy of insurance.

Count I of the complaint alleges a breach of contract claim related, in pertinent part, to ASI's failure to pay for the subsurface repairs to the subject property arising from sinkhole activity, a covered loss.

Count II, a declaratory judgment claim, relates to ASI's refusal to consult with Quintana on the estimate for the subsurface repairs. Specifically, Quintana alleges that his retained engineers concluded that the grouting plan adopted by ASI will not properly stabilize the land and repair the foundation. Quintana states that ASI demanded that Quintana make the subsurface repairs based solely on ASI's engineers' recommendations, on a "take-it-or-leave-it" basis. (Dkt. 2). Quintana seeks a declaration from the Court that determines, in part, the extent of ASI's obligation to meaningfully consult with Quintana regarding below ground repairs before instructing Quintana to make said repairs.

In Count III, Quintana alleges that ASI's refusal to pay the repairs has tortiously interfered with Quintana's mortgage with Wells Fargo Bank.

ASI moves to dismiss all of the claims under Federal Rule of Civil Procedure 12(b)(6).[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Unlike factual allegations, conclusions in a pleading

---

[1] ASI also makes the frivolous argument that the breach of contract claim should be dismissed because it fails to join an indispensable party or parties. This argument is without merit. ASI does not identify any party, whose absence would prevent the Court from providing complete relief among the existing parties. And a third party has not claimed an interest in the instant action. *See* Fed. R. Civ. P. 19.

"are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

On the contrary, legal conclusions "must be supported by factual allegations."

## DISCUSSION

### I.     The Breach of Contract Claim

Quintana alleges numerous grounds in the complaint to support his claim that ASI

breached the subject insurance policy.  The majority of the grounds pertain to ASI's failure

to pay the amounts necessary to repair the subject property.  The allegations are more than

sufficient to state a breach of contract claim.  ASI's arguments in favor of dismissal are

without merit and this portion of the motion to dismiss is denied.

### II.    The Declaratory Judgment Claim

ASI argues that Quintana does not allege sufficient facts to establish a declaratory

judgment claim.  ASI also argues that this claim is superfluous because it is subsumed by the

breach of contract claim.  At this stage, the Court disagrees.  Quintana alleges an actual

controversy, to wit, what is the proper method of repair to remediate the subsurface and

whether ASI is required to consult with Quintana regarding the method of repair.  The extent

of ASI's obligation under the subject policy to meaningfully consult with Quintana in the

selection of the engineer to determine the extent of the repairs is a separate issue from the

issue of whether ASI breached the subject policy by failing to pay for the repairs.  *See*

*Holiday Plumbing Supplies, Inc. v. American Economy Ins. Co.*, 2013 WL 2434586 (M.D.

Fla. June 4, 2013) (Moody, J.) (holding same); *Powers v. Hartford Ins. Co. of the Midwest*,

2010 WL 2889759 (M.D. Fla. July 22, 2010) (Bucklew, J.) (holding same).  Accordingly,

the motion to dismiss Count II is denied.

### III.    The Tortious Interference Claim

The elements of a claim for tortious interference with a business relationship are: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and *unjustified* interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. *See Networkip, LLC v. Spread Enters., Inc.,* 922 So. 2d 355, 357-58 (Fla. 3d DCA 2006).

"A cause of action for tortious interference requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage." *Id.* at 358. Additionally, "[p]rotecting a company's own economic interest to reduce the risk of incurring further loss does not constitute intent to damage within the meaning of a cause of action for intentional interference with [a] business relationship." *Id.*

Quintana alleges that ASI's failure to pay for the repairs to the subject property has caused Quintana to breach its mortgage with Wells Fargo because the mortgage requires that Quintana maintain insurance on the subject property and, in the event of loss, assign all insurance proceeds to the mortgagee. Quintana contends that ASI had full knowledge of the mortgage's requirements, was aware of the mortgage clause in the subject policy, and intentionally procured Quintana's breach of the mortgage by failing to pay benefits for the loss to the mortgagee. Quintana alleges that "as a result, [Quintana] is unable to comply with the terms of the mortgage in relation to dispersal of insurance proceeds following the loss." (Dkt. 2).

ASI argues that this claim is subject to dismissal. ASI contends, in part, that its enforcement of the terms of the subject policy cannot support a claim for tortious

interference. The Court agrees. The interference must be "unjustified". Quintana has not alleged an unjustified interference. And the Court cannot contemplate any facts that would support a tortious interference claim against ASI related to the mortgage between Quintana and Wells Fargo under these circumstances.[2] Accordingly, this claim is dismissed with prejudice.

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant American Security Insurance Company's Motion to Dismiss Counts I, II, and III of the Complaint (Dkt. 4) is granted in part and denied in part for the reasons stated herein.

2.  Count III of the Complaint is dismissed with prejudice.

3.  Defendant shall file an answer to Counts I and II of the Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 12, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2040.mtdismiss.frm

---

[2] Notably, this district is saturated with sinkhole insurance cases, like the instant case, and Quintana's Response does not cite to one case sustaining a tortious interference claim under similar facts.